Criollo-Casicana v. Bondi

BIA
Ling, IJ
A220 323 199/196/197/198

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of February, two thousand twenty-six.

PRESENT:
>    PIERRE N. LEVAL,
>    ALISON J. NATHAN,
>    MARIA ARAÚJO KAHN,
>         *Circuit Judges.*

_____

JENNY CRIOLLO-CASICANA, LUIS FERNANDO TUZA-PILAPANTA, A.T-C., D.T-C.,*

>    *Petitioners,*

>    **v.**                                                    **24-184**

>                                                              **NAC**

PAMELA BONDI, UNITED STATES

---

*We have used only initials to refer to the minor petitioner in this publicly accessible order, in accordance with Federal Rule of Civil Procedure 5.2(a)(3) and Federal Rule of Appellate Procedure 25(a)(5).

**ATTORNEY GENERAL,**

*Respondent.*

_____

**FOR PETITIONERS:**   Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:**   Brian M. Boynton, Principal Deputy Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; Aric A. Anderson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Jenny Criollo-Casicana, Luis Fernando Tuza-Pilapanta, and their minor children, natives and citizens of Ecuador, seek review of a December 20, 2023, decision of the BIA affirming a March 13, 2023, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Criollo-Casicana, et al.*, Nos. A 220 323 199/196/197/198 (B.I.A. Dec. 20, 2023), *aff'g* Nos. A 220 323 199/196/197/198 (Immig. Ct. N.Y. City Mar. 13, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

2

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review fact-finding "under the substantial evidence standard," and we review questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[.]" 8 U.S.C. § 1252(b)(4)(B).

The petitioners do not meaningfully address the IJ's findings, adopted and affirmed by the BIA, that they did not demonstrate past harm rising to the level of persecution, a well-founded fear or likelihood of future persecution, that the Ecuadorian government would be unable or unwilling to protect them, that they could not internally relocate to avoid harm, or that they would be likely tortured with the acquiescence of the government. They are thus deemed to have abandoned review of these dispositive grounds for the denial of asylum, withholding of removal, and CAT relief. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment.") (quotation marks omitted); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming argument abandoned

3

where brief "devote[d] only a single conclusory sentence" to it). To the extent the petitioners' brief addresses these bases for the IJ's denial of relief, it does so by way of conclusory assertions without record citation or supporting law, which is insufficient to present issues for our review. *See Yueqing*, 426 F.3d at 545 n.7; *see also* Fed. R. App. P. 28(a)(8)(A) (a brief's argument section must be accompanied by "citations to the authorities and parts of the record on which the appellant relies").

Moreover, the arguments raised for petitioners by their counsel are either not relevant to the facts of the case or lack merit. For example, they argue that they established a nexus to a protected ground, but the IJ did not deny asylum or withholding of removal on those grounds. And contrary to their position that withholding of removal has a less stringent nexus requirement than the "one central reason" requirement for asylum, the same nexus standard applies to both forms of relief. *See Quituizaca v. Garland*, 52 F.4th 103, 1114 (2d Cir. 2022). Their brief devotes just a few sentences to the IJ's denial of CAT relief and incorrectly states that the IJ failed to consider the claim; to the contrary, the IJ addressed CAT relief and expressly found no past torture, that the fear of future torture was speculative, and that petitioners had not shown that the Ecuadorian government would acquiesce to their torture. Their attempt to challenge the agency's

4

acquiescence finding is immaterial here because they do not address the agency's dispositive finding that they did not demonstrate they would more likely than not be tortured. *See Garcia-Aranda v. Garland*, 53 F.4th 752, 758 (2d Cir. 2022) (holding that "[a]nalysis of a CAT claim boils down to a two-step inquiry"—namely, a showing of likely torture *and* state action).

Given the defects in briefing by the petitioners' counsel, Michael Borja, Esq., a copy of this order will be forwarded to the Grievance Panel. As outlined above, the brief fails to address dispositive issues, lacks record citations as required by Fed. R. App. P. 28(a), misstates the record and relevant legal standards, and raises challenges to findings the agency never made.[†]

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[†] The argument section of the petitioners' brief also appears to have been largely copied from that of a brief submitted by Borja on behalf of a different client, whose petition for review is also currently pending, using the name of the other petitioner and setting forth facts of his case that are not pertinent to this case. *See Chadan Eugenio v. Bondi*, No. 24-655, doc. 17 (2d Cir. 2024).